IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Lawrence Dennis, III, ) | |
| ) | Civil Action No. 8:07-211-CMC-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Matthew B. Hamidullah, ) | |
| Warden FCI -Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a federal prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion for summary judgment (Docket # 6) and the petitioner's motion for bond (Docket # 8).[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on January 23, 2007. On March 20, 2007, the respondent filed a motion for summary judgment.[2] By order filed March 21,

---

[1] In this motion, the petitioner also alleged he did not receive a copy of the respondent's summary judgment motion. In response to this motion, the respondent stated that a second copy of the summary judgment motion had been sent to the petitioner (Docket # 10), and the petitioner acknowledged receiving it in his response to the summary judgment motion. (Docket # 11.) Accordingly, this part of the petitioner's motion is now moot.

[2] The respondent actually filed a motion to dismiss and for summary judgment. However, when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). As matters outside of the pleadings were presented, the undersigned will treat the motion as one

2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 30, 2007, the petitioner filed a response to the respondent's motion for summary judgment.

## **FACTS**

The petitioner is incarcerated at the Federal Correctional Institution (FCI) in Estill, South Carolina. He is currently serving a sentence of ninety-two months for distributing heroin which was imposed on October 23, 2003, by the United States District Court for the Northern District of Alabama. (Res'p's Mem. Supp. Summ. J. Exs. A and Q.)

The petitioner has been convicted several times in federal court beginning in 1984. On September 12, 1984, he was sentenced to two five-year sentences to run consecutively and three years of special parole for possession with intent to distribute cocaine and a firearms violation. On January 23, 1989, the petitioner was convicted of escaping and sentenced to twenty months, to run consecutively to his previous sentence. On June 27, 1989, he was paroled from his twenty month sentence. On May 9, 1991, the petitioner's parole was revoked because he violated the conditions of his parole by leaving the supervising district without permission and possessing a firearm. On June 13, 1994, the petitioner was placed on three years of special parole. On January 4, 1996, the petitioner's parole was revoked because he violated the conditions of his parole by using drugs and

---

solely for summary judgment.

failing to participate in treatment. Additionally, the time the petitioner spent on parole was forfeited. On January 4, 1997, the petitioner was again paroled. However, on April 24, 1997, the petitioner was arrested for violating the conditions of his parole because of his drug use. His parole was revoked and the time he spent on parole was forfeited.

On April 25, 1998, the petitioner was paroled yet again. On June 14, 1999, the petitioner was arrested for violating the conditions of his parole because of his drug use, failure to keep drug treatment appointments and submit supervision reports. The Parole Commission conducted a review of the petitioner's case in light of recent case law on special parole. On August 13,1999, the Parole Commission voided prior orders which had forfeited the petitioner's street or parole time and recalculated the petitioner's sentence. As a result, the petitioner was released from custody and his federal sentence was declared expired as of August 13, 1999. (Pet. Attach. # 11; Pet. at 3, 5, 6; Pet'r's Mem. Opp. Summ. J. Mot. at 9.)

Almost three years later, on April 18, 2002, the petitioner was arrested for distributing heroin. The petitioner pled guilty to the charge and on October 23, 2003, he was sentenced to his current 92-month sentence. (Resp's' Mem. Supp. Summ. J. Mot. Ex. Q.) He has a projected release date of January 20, 2010. (*Id.* Ex. R.)

### APPLICABLE LAW

#### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

4

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The petitioner has filed this habeas petition pursuant to 28 U.S.C. § 2241, alleging his federal sentence has been incorrectly calculated. Specifically, the petitioner alleges that he is entitled to credit against his current sentence for time which was improperly forfeited when he violated the terms of his special parole while he was serving his prior federal sentences. Further, he also alleges that he should be credited for good time credit earned in 1994 between 1998. The undersigned disagrees.

The petitioner is seeking credit for time served prior to the imposition of his current sentence on a wholly unrelated conviction. He is not entitled to receive such a credit. In *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971), the Fourth Circuit addressed whether credit should be allowed on a current sentence for time served pursuant to a prior invalidated conviction. The court addressed a situation much like the petitioner's "where an individual, after his conviction has been invalidated and he has regained his freedom, commits a new crime and receives a new sentence." *Id*. The court stated it would be "unthinkable to lend support to any judicial decision which permits the establishment of a line of credit for future crimes." *Id.* (quoting *Sills v. Peyton*, Mem. Dec. 12,045 (4th Cir. 1968). *See also Bowen v. Murphy,* 693 F.2d 104 (10th Cir. 1982)(holding that crediting future unrelated sentence for crime not yet perpetrated at time of the previous void

sentence would result in allowing convicted individuals to establish line of credit for future crimes, giving them sense of immunity and incentive to engage in criminal conduct). Thus, any time which the petitioner may have improperly served on his previous federal sentences cannot be credited as time served on his current unrelated sentence.

The petitioner is also seeking credit on his current sentence for good time credits earned during the service of his previous sentences. The applicable federal regulation provides that:

> Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

28 C.F.R. § 2.35(b). Under § 2.35(b), good time credit is "used up" when a prisoner is released and, thus, has no effect on a prisoner's term of imprisonment in the event of parole revocation. *See Booth v. U.S.*, 996 F.2d 1171, 1172 (11th Cir.1993) (holding that good time credits are "used up" upon release from parole and unavailable to reduce term received for parole violation); *Boniface v. Carlson*, 881 F.2d 669, 671 (9th Cir.1989) (holding good time credits do not survive release upon parole and cannot be credited toward a parole violator's sentence). The petitioner's good time credits from his previous incarceration no longer exist and cannot be used to shorten his current sentence for an unrelated conviction.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned concludes that the petitioner is not entitled

to any credit on his current sentence, which began in 2003, for any time he served or any good time credits he earned in connection with his previous unrelated federal sentences which expired in 1999.

Accordingly, it is RECOMMENDED that the Respondent's Motion for Summary Judgment be GRANTED and the Petition be DISMISSED WITH PREJUDICE. Further, if the District Court adopts this report, it is also RECOMMENDED that the Petitioner's Motion for Bond be DENIED as Moot.

IT IS SO RECOMMENDED.

                                          s/Bruce Howe Hendricks
                                          United States Magistrate Judge

September 11, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).